**Clifford Eugene EARIXSON, Petitioner–Appellant,**

v.

**S. WALKER, Deputy Warden, et al., Respondents–Appellees.**

No. 07–15841.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2009.

Filed June 23, 2009.

Philip Edward Hantel, Esquire, Phoenix, AZ, for Petitioner–Appellant.

Clifford Eugene Earixson, Florence, AZ, pro se.

Julie Ann Done, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: SCHROEDER and REINHARDT, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM **

Pursuant to 28 U.S.C. § 2254, Clifford Earixson seeks habeas corpus relief from a state-court conviction. The District Court

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

denied Earixson's petition on March 7, 2007, 2007 WL 704119. The only issue certified for appeal by this Court and pursued by Earixson is whether he was denied his Sixth Amendment right to effective assistance of counsel based on his trial counsel's closing remarks to the jury.

A jury convicted Earixson of all four counts with which he was charged: two counts of sexual conduct with a minor against victim S.K. (counts 1 and 2) and two counts of sexual abuse against victim J.G. (counts 3 and 4).[1]

The evidence of Earixson's guilt was overwhelming. The prosecution called nine witnesses, including both S.K. and J.G. Two propensity witnesses testified about prior acts of sexual molestation that Earixson perpetrated against them but that were not charged in the indictment.

In his closing remarks to the jury, Earixson's trial counsel conceded Earixson's guilt as to the charges pertaining to S.K. but argued that Earixson was innocent of the charges pertaining to J.G. On appeal, Earixson argues that his trial counsel's concession of guilt as to counts 1 and 2 (as well as the many unflattering remarks about Earixson and complimentary remarks about S.K. made in the process of that concession) during the closing argument constituted a failure "to subject the prosecution's case to meaningful adversarial testing" and thus amounted to *per se* constitutional ineffectiveness under the standard set forth in *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

In *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), the Court stated: "When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prose-

cutor's case, we indicated that the attorney's failure must be *complete.*" 535 U.S. at 696–97, 122 S.Ct. 1843 (emphasis added). Because the habeas petitioner's argument in *Bell* was "not that his counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole, but that his counsel failed to do so at specific points[,]" the Court failed to find *per se* ineffectiveness under *Cronic*. *Id.* at 697–98, 122 S.Ct. 1843. In the instant matter, Earixson's trial counsel cross-examined witnesses; objected—at times successfully—to the introduction of evidence harmful to the defendant; moved for acquittal at the close of trial; and aggressively challenged two of the four counts of the indictment during closing argument. Accordingly, any deficient performance by counsel here was not complete enough to amount to *per se* constitutional ineffectiveness under *Cronic*.

 Thus, the state court that denied Earixson's motion for post-conviction relief did not act contrary to clearly established federal law when it applied the usual test from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to determine whether Earixson's trial counsel was constitutionally ineffective. *Strickland* outlines a two-part test—first, whether counsel's performance was deficient, and second, whether that deficient performance prejudiced the defendant—that a defendant alleging ineffective assistance of counsel must satisfy as to both parts in order to prevail. Regarding the second part of the test, "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable

---

1. After having requested, and received, a number of continuances of his trial date, Earixson was explicitly admonished by the trial judge that he would be tried *in absentia* if he failed to appear in court on April 7, 1997. Earixson did not appear on that date, and the judge conducted the trial without Earixson.

doubt respecting guilt." *Strickland,* 466 U.S. at 695, 104 S.Ct. 2052. Given the overwhelming evidence against Earixson, the state court did not unreasonably apply *Strickland* when it concluded that there was no reasonable probability that, but for trial counsel's closing remarks to the jury, the jury would have acquitted.

The District Court is **AFFIRMED.**